UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAVION FAIRLEY                                CIVIL ACTION

VERSUS                                        NO:     15-0462

WAL-MART STORES, INC.                         SECTION: "G" (4)

### ORDER

Before the Court is **Plaintiff's Motion to Reconsider the Court's Order Entered April 29, 2016 (R. Doc. 70)** seeking an Order to reconsider its order denying the Plaintiff's Motion to Compel (R. Doc. 69).

### I.    Factual Summary and Background

This case is a spin-off of the *Dukes v. Wal-Mart Inc.,* C-01-2252 (N.D. Cal. 2001) case which decertified a class of female employees who challenged the retail store's pay, management and promotional policies and practices. As a result, Fairley, the plaintiff, a Louisiana resident was allowed to file the subject suit in which she contends that she was denied the opportunity to be promoted to management and her promotion requests was denied. She complains that the Management In Training (MIT) program would select men over her and that in one instance she was denied a promotion to a man who worked for less than a year with her in produce. She complains that she was also denied promotional opportunities to "younger, less experience males" whom she trained. She also complains that she would earn less wages than men with the same experience or less.

The very nature of Fairley's discrimination claim is such that she would need comparator information from the Defendant to establish her difference in treatment claim. On September 8, 2015, the District Court issued a Scheduling Order in which it expressly stated that depositions for trial use shall be taken and <u>all</u> discovery **shall be completed** no later than **April 20, 2016**. R. Doc.

33. It is axiomatic that to complete discovery means that <u>all</u> disputes relative to discovery, including motions to compel, must be filed and resolved prior to that date. As a result, the undersigned concluded that Plaintiff failed to comply with the Scheduling Order and the motion was untimely.

Since the ruling, the Trial Judge has continued the trial date and currently has a scheduling conference set to select a new trial date. Plaintiff has also filed the subject motion seeking reconsideration of the denial of her motion to compel on the grounds that the scheduling order also had a deadline for all non-evidentiary pretrial motions set for April 27, 2016. Plaintiff contends that the scheduling order failed to set a deadline for the filing of the motion to compel such that the alternative non-evidentiary motion deadline would render the motion to compel timely.

Defendant contends that the subject motion should be denied because (1) pursuant to Federal Rule of Civil Procedure 54(b) Plaintiff's motion fails to identify either a manifest error of law or fact and (2) the Court's determination is the most reasonable and logical interpretation. R. Doc. 78.

## II. Standard of Review

The Federal Rules do not recognize a motion for consideration, it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls. Fed.R.Civ.P. 54(b). *See also, Helena Labs.,* 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration

of partial summary judgment order was sought and no final judgment had yet been entered in the case). The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion. *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also, Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D.La. May 4, 2009) (Barbier, J.). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary

3

in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004).

Moreover, it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471 (M.D.La. 2002). *See also, Mata v. Schoch*, 337 B.R. 138 (S.D.Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also, FDIC v. Cage*, 810 F.Supp. 745, 747 (D.Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

**III.** <u>Analysis</u>

The Plaintiff contends that because the Trial Court's Scheduling Order does not set forth a deadline to file motions to compel that the motion to compel should be considered timely because

it was filed and set in time to be heard on the non-evidentiary deadline of April 27, 2016. Plaintiff does not suggest that the April 29, 2016, order was contrary to the facts or the law. Nor does the Plaintiff contend that the continuance of the trial renders the filing of their motion timely.

The Defendant contends that the motion should be dismissed because there is no error in fact or law. The Defendant further contends that the conclusion reached by the undersigned was the most reasonable and logical interpretation.

In *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir 2000), the court found no merit to the contention that the district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery. Also in *In re Health Mgmt. In.*, No. CV 96-0889, 1999 WL 33594132, at *5-6 (E.D.N.Y. Sept. 25, 1999) the court found no error in denial of the motion to compel as untimely based on undue delay.

Although set for hearing seven (7) days after the deadline, the motion was untimely. The non-evidentiary motion deadline is not the same as the discovery deadline. The Scheduling Order by the Trial Judge clearly indicates that all discovery must be completed by the April 20, 2016, deadline. In order to complete discovery clearly includes the filing of any motion to compel for without filing the motion when there is noncompliance, discovery would not be complete.

However, on May 6, 2016, the Trial Judge continued the matter without date. R. Doc. 73. The Order continued the Trial date and indicated that a new scheduling conference would take place. R. Doc. 76. The Trial Judge's continuance makes no mention as to deadlines remaining in place. As a result, the undersigned concludes that the continuance of the trial and resetting of deadlines would likely involve the setting of a new discovery deadline. As a result, although not expressly raised by the mover, considering the current factual posture of the case, the Court hereby

reconsider's the denial of the motion to compel. The motion shall be reset for hearing by separate order.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion to Reconsider the Court's Order Entered April 29, 2016 (R. Doc. 70)** is hereby **GRANTED**.

New Orleans, Louisiana, this 23rd day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**