UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAVION FAIRLEY** | * CIVIL ACTION NO. 2015-cv-00462 |
| | * |
| | * |
| **Plaintiff,** | * JUDGE NANNETTE JOLIVETTE |
| | * BROWN (G) |
| **VERSUS** | * |
| | * |
| | * |
| **WAL-MART STORES, INC.,** | * MAGISTRATE JUDGE KAREN |
| | * WELLS ROBY (4) |
| **Defendant.** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL RECONSIDERATION</u>**

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") seeks reconsideration of the following portions of the Court's October 18, 2016 Order (Doc. No. 123): (1) the production of pay and personnel files for Covington employees in the Meat Department from December 1997 to December 1998, because plaintiff's claims for that period are time-barred; (2) the production of pay and personnel files for Covington employees in the Meat Department from October 1999 to 2005, because plaintiff was working in the Seafood Department at that time; (3) the production of pay and personnel files for Covington Seafood Associates between 1999 and 2005, because plaintiff testified that there were only two other Seafood Associates besides her during that period and the files to be produced are not necessarily reflective of individuals working in the Seafood Department at that time; and (4) the production of personnel file records by October 24, 2016, because production of most of the approximately fifty-six personnel files covered by that Order will be impossible prior to October 24, 2016. For the following reasons, defendant respectfully requests that the Court's Order be reconsidered and revised.

I.   **PAY AND PERSONNEL FILES FOR COVINGTON EMPLOYEES IN THE MEAT DEPARTMENT FROM 1997 TO 1998 AND FROM 1999 TO 2005**

It is undisputed that plaintiff worked in the Meat Department from December 1997 until October 1999 and that plaintiff's claims arising prior to December 26, 1998 are time-barred.[1] However, the Court has ordered that defendant produce personnel and pay files of potential Meat Department employees for the period from December 1997 to December 1998, approximately one year beyond plaintiff's existing claims, and between October 1999 and 2005, when plaintiff worked in the Seafood Department. While it is difficult to accurately determine from defendant's records who was a Meat Department employee because job titles and descriptions on certain records are inaccurate, the Court's Order potentially covers approximately forty-two employees' personnel files and pay records.

Wal-Mart's search for all hourly Associates in the Meat Department at Store No. 541 from December 1997 to March 2005 identified forty-two Associates, approximately seventeen of whom are former Associates whose employment with Wal-Mart ended between 1998 and 2004, and twenty-five are current Associates who work at various Wal-Mart stores around the country. Of the forty-two Associates listed as working in the Meat Department at the requested time, approximately twenty-six were hired after October 1999, when plaintiff was no longer working in the Meat Department.

The Court has recognized that the records of Seafood Associates between 1997 and 1999 should not be produced because plaintiff did not begin working in the Seafood Department until 1999.[2] Conversely, as plaintiff did not work in the Meat Department after October 1999, the Meat Department employee records from November 1999 to March 2005 relate to an

---

[1]   The Court has not ruled on defendant's pending Motion for Summary Judgment relating to the timeliness of plaintiff's claims after December 26, 1998.
[2]   Doc. No. 123, pp. 22-23.

inappropriate time frame and the production of those approximately twenty-six sets of personnel and pay files are not relevant to plaintiff's claims in either the Meat or Seafood departments.

## II.     SEAFOOD DEPARTMENT PAY AND PERSONNEL FILES

The Court has ordered production of Seafood Department pay and personnel files from 1999 through 2005 based on the finding that the Magistrate clearly erred in determining that those records were not relevant based on plaintiff's testimony that she was treated fairly in the department and that no one else performed her same job duties.[3]  Wal-Mart's search for all hourly Associates in the Seafood Department at Store No. 541 from October 1999 to March 2005 identified fourteen employees in addition to plaintiff that were listed by job code or job description as Seafood Department Associates, seven of whom are former employees whose employment with Wal-Mart ended between 1999 and 2003, and seven are current Associates. The Court found that the Magistrate also acknowledged the relevance of Seafood Department records relating to the two people that plaintiff testified worked with her in the Seafood Department, "Paula" and "Doug."  However, the Magistrate also found that the Seafood Department records were not relevant because plaintiff testified that "Paula" and "Doug" were the only two other Seafood Department Associates, not because plaintiff was not aware that she was purportedly being discriminated against.  Therefore, defendant respectfully contends that it was not manifestly erroneous for the Magistrate to rely on plaintiff's sworn deposition testimony that there were only two other Seafood Associates.  That is particularly significant as defendant's records suggest that plaintiff was a Seafood Associate from 1997 to 1999, when she was admittedly a Meat Department Associate.  Therefore, it is likely that the other individuals whose records indicate that they were Seafood Associates, were like plaintiff, not employees of that three person department during plaintiff's tenure there.

---

[3]     Doc. No. 123, pp. 21-22.

## III.   PRODUCTION OF PAY AND PERSONNEL RECORDS BY OCTOBER 24, 2016

The Court's Order directed defendant to produce the pay and personnel files of approximately fifty-six employees by October 24, 2016, only three full working days from the issuance of the Order. While pay records for most of the employees can be produced by October 24, 2016, those records, in the form of "Employment Histories," are, on their own, not determinative of where that employee actually worked between 1997 and 2005. Specifically, Wal-Mart's corporate representative testified that the job descriptions and job codes for the Seafood and Meat Department employees are unreliable and that accurate information regarding where an employee actually worked could only be obtained in conjunction with other information, such as the employee's personnel file.[4]

The personnel files of the approximately twenty-four employees who are no longer employed by Wal-Mart are between eleven and nineteen years old and have most likely been moved and stored off premises and out of state with a third party storage company. Defendant has been advised that even with expedited processing, it will take at least one to two weeks from now to retrieve those records, to the extent they still exist.[5]

The personnel files of current Wal-Mart Associates, most of which are not already in defendant's counsels' possession,[6] cannot be produced in less than a week because they must be located at the various stores where those employees now work, copied and shipped to defendant's counsel and then redacted for personal information, such as social security numbers,

---

[4]   *See* Exhibit 1, Defendant's 30(b)(6) deposition, pp. 40-43, 61, 64.
[5]   *See* Exhibit 2, Declaration of Laura Asbury.
[6]   Defendant's counsel did not previously request those records based on plaintiff's testimony, which was confirmed by Wal-Mart's witnesses, that there were eight to ten Meat Cutters and two Meat Wrappers during her entire Meat Department tenure and only two other Seafood Department employees, and because of the time and expense of obtaining the records. Defendant also reasonably relied on the previous rulings from the Magistrate over the last five months denying plaintiff's Motion to Compel and the expiration of the discovery deadline five months ago. Defendant's counsel is in possession of seven personnel files of confirmed Meat Department Associates.

4

and bates-labeled, before production.[7] Therefore, defendant respectfully requests that a reasonable deadline for producing personnel files of current and former employees not already in defendant's counsels' possession would be November 4, 2016. Defendant will, of course, produce any records that are received prior to that date as soon as they can be produced and will produce the seven personnel files in defendant's counsel's possession on October 24, 2016.

## IV. CONCLUSION

In view of the foregoing, defendant respectfully requests that the Court reconsider its October 18, 2016 Order to limit the production of pay and personnel records of Meat Department employees to those employed in the Meat Department between December 26, 1998 and October 1999, to reverse the Order requiring the production of possible Seafood Department employee personnel and pay records, and to extend the time period for defendant to produce the personnel files of current and former employees not currently in defendant's counsel's possession, until at least November 4, 2016.

Respectfully submitted,

*/s/ Stephen P. Beiser*
STEPHEN P. BEISER, T.A. (#14074)
SUSANNE VETERS (#27361)
McGLINCHEY STAFFORD, PLLC
601 Poydras Street – 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 324-0965
ATTORNEYS FOR DEFENDANT, WAL-MART STORES, INC.

---

[7] *See* Exhibit 2.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of October, 2016, I electronically filed the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record:

| | |
|---|---|
| J. Arthur Smith, III | James H. Kaster |
| Justin DeLaune | Lucas Kaster |
| Smith Law Firm | Matthew H. Morgan |
| 830 North Street | Jason Hungerford |
| Baton Rouge, LA 70802 | Nichols Kaster, PLLP |
| E-mail: jasmith@jarthursmith.com | 80 South Eighth Street |
| E-mail: jdelaune@jarthursmith.com | 4600 IDS Center |
| | Minneapolis, MN 55402 |
| Attorneys for Plaintiff, Yalile Leal | E-mail: kaster@nka.com |
| | E-mail: lkaster@nka.com |
| | E-mail: morgan@nka.com |
| | E-mail: jhungerford@nka.com |
| | |
| | Attorneys for Plaintiff, Yalile Leal |

           /s/ *Stephen P. Beiser*
           STEPHEN P. BEISER

1698703.6