**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RAVION FAIRLEY                                  CIVIL ACTION

VERSUS                                          NO. 15-462

WAL-MART STORES, INC.                           SECTION: "G"(4)

**ORDER**

Before the Court is Plaintiff Ravion Fairley's ("Plaintiff") "Motion in Limine to Exclude
Evidence of Her Voluntarily Dismissed Claims and Any Evidence Tending to Prove or Disprove
Those Claims."[1] Having considered the motion, the memoranda in support and in opposition, the
record, and the applicable law, the Court will grant the motion.

**I. Background**

Plaintiff is a former member of the *Wal-Mart Stores, Inc. v. Dukes*[2] class action, in which
more than one million women alleged that Wal-Mart retail stores discriminated against its female
employees with respect to pay and promotion to management track positions, in violation of Title
VII.[3] After the *Dukes* class was decertified by the United States Supreme Court in 2011, Plaintiff
filed a charge of discrimination with the EEOC in May of 2012, alleging sex discrimination.[4] The

---

[1] Rec. Doc. 144.

[2] 564 U.S. 338 (2011).

[3] Rec. Doc. 38.

[4] *Id.* at 2.

1

EEOC issued a right-to-sue notice to Plaintiff on November 20, 2014.[5]

Plaintiff initially filed a complaint in this matter, along with two other plaintiffs, Carasha Isaac and Yalile Leal, on February 12, 2015.[6] On October 14, by joint stipulation of the parties, this Court severed Isaac and Leal's cases from Plaintiff's case.[7] In her amended complaint, Plaintiff alleges that throughout her employment with Defendant Wal-Mart Stores, Inc. ("Defendant") she was paid less than her male counterparts in violation of Title VII of the Civil Rights Act of 1964.[8]

On October 26, 2016, Plaintiff filed the instant motion.[9] On November 2, Defendant filed an opposition to the motion.[10]

## II. Parties' Arguments

### A.      Plaintiff's Arguments in Support of Her Motion in Limine

Plaintiff moves the Court to issue an Order excluding evidence of her voluntarily dismissed claims and any evidence tending to prove or disprove those claims.[11] Plaintiff asserts that she voluntarily dismissed three claims: (1) her pay claim during her employment at the Mandeville Wal-Mart; (2) her promotion claim during her employment at the Mandeville Wal-Mart; and (3)

---

[5] *Id.*

[6] Rec. Doc. 1.

[7] Rec. Doc. 36.

[8] Rec. Doc. 38.

[9] Rec. Doc. 144.

[10] Rec. Doc. 203.

[11] Rec. Doc. 144 at 1.

her promotion claim during her employment at the Covington Wal-Mart.[12] Plaintiff contends that evidence that she dismissed those claims is irrelevant and prejudicial.[13] She asserts that dismissal of those claims "does not make a fact of consequence related to her remaining pay claim more or less probable."[14] Further, even if evidence of the dismissed claims has some probative value, Plaintiff asserts that admission of the evidence would cause unfair prejudice, confuse the issues, mislead the jury and cause undue delay and waste of time.[15]

Plaintiff also argues that evidence tending to prove or disprove her dismissed claims is irrelevant because it does nothing to make a fact relevant to her current pay claim more or less probable.[16] Plaintiff notes that Defendant has listed the pay information for Joe Crovetto, an employee who worked with Plaintiff at the Mandeville location, as a trial exhibit.[17] Plaintiff asserts that "Defendant is attempting to confuse the jury, and mislead them to believe that because Plaintiff may have been paid the same or more than a male employee in a separate location, she could not have been subject to discrimination in Covington."[18] Moreover, Plaintiff asserts that admitting evidence related to the dismissed claims is prejudicial because she did not conduct full discovery on those claims, and Defendant should not be allowed to present selective evidence.[19]

---

[12] Rec. Doc. 144-1 at 2.

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 4–5.

**B.**     *Defendant's Arguments in Opposition to Plaintiff's Motion in Limine*

In opposition, Defendant asserts that the dismissal of these claims is relevant to the claims before the jury and reference to these claims is necessary to avoid jury confusion.[20] Defendant also argues that the dismissed claims are relevant to Plaintiff's credibility, the facts as they developed during her employment at Wal-Mart and her litigation against Wal-Mart.[21]

Defendant contends that Plaintiff voluntarily dismissed these claims "after extensive discovery was conducted and no evidence to support the claims was found."[22] Defendant argues that "[t]he facts relating to how workers were paid at Wal-Mart at the two facilities at the two time periods are central to all of the causes of action, both dismissed and maintained."[23] Defendant notes that although Plaintiff "dropped her claim that defendant failed to promote her to a Meat Cutter position, she continues to compare herself to the more highly compensated and more highly skilled position and might even allege that she wanted to be a Meat Cutter apprentice, which is very similar, if not the same, as a failure to promote claim."[24] Should Plaintiff proceed with this argument, Defendant asserts that it should be given the opportunity to introduce evidence that Plaintiff voluntarily dismissed her failure to promote claim.[25] Moreover, if the jury is not instructed that the failure to promote claim was dismissed, Defendant contends that the jury may confuse the

---

[20] Rec. Doc. 203 at 1.

[21] *Id.*

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.* at 2–3.

[25] *Id.* at 3.

facts and law of the two claims in coming to a verdict.[26]

Defendant also argues that this evidence is relevant to Plaintiff's credibility because "[s]he filed three specious claims arguably without knowledge of the facts of comparator pay which were dismissed as discovery belied their legitimacy."[27] Further, Defendant asserts that the fact that Plaintiff returned to work with Wal-Mart in 2009 belies her claim of discrimination.[28] Defendant contends that the jury cannot assess this case in a vacuum.[29] Finally, Defendant argues that it would be premature to grant this motion because the Court does not know the exact nature of the evidence Plaintiff seeks to introduce at trial.[30]

### III. Law and Analysis

**A.    *Legal Standard***

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402 relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[31] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[32]

## B.    Analysis

Plaintiff moves the Court to issue an Order excluding evidence of her voluntarily dismissed claims as irrelevant and prejudicial.[33] In opposition, Defendant asserts that this evidence is relevant because although Plaintiff dismissed her claim that Defendant failed to promote her to a Meat Cutter position, she continues to argue that she was paid less than the Meat Cutters.[34] Therefore, Defendant argues that the jury may confuse the facts and law of the two claims in coming to a verdict.[35] The Court is not persuaded by Defendant's argument. The jury will not be instructed on a failure to promote claim, as none is being brought by Plaintiff. Accordingly, Defendant's argument that the jury may confuse the law on a failure to promote claim with the law on a pay discrimination claim is unavailing.

Defendant also argues that this evidence is relevant to Plaintiff's credibility because "[s]he filed three specious claims arguably without knowledge of the facts of comparator pay which were dismissed as discovery belied their legitimacy."[36] The Court finds this argument equally

---

[31] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[32] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[33] Rec. Doc. 144-1 at 1–2.

[34] Rec. Doc. 202 at 2–3.

[35] *Id.* at 3.

[36] *Id.*

unpersuasive. In her original complaint, Plaintiff pled facts to support the three claims that she later voluntarily dismissed.[37] Defendant argues that the filing of these claims undermines Plaintiff's credibility because she did not have knowledge of the facts of comparator pay. However, the comparator pay information was in the possession of Defendant, not Plaintiff. Therefore, the fact that Plaintiff dismissed these claims, after engaging in discovery and presumably determining that the additional claims should not be pursued, is of little probative value to Plaintiff's credibility. Moreover, the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury.

Plaintiff also moves the Court to issue an Order excluding evidence tending to prove or disprove Plaintiff's voluntarily dismissed claims.[38] Specifically, Plaintiff notes that Defendant has listed the pay information for Joe Crovetto, an employee who worked with Plaintiff at the Mandeville location, as a trial exhibit.[39] Defendant does not respond to this argument or provide any reason why pay information for an employee who worked with Plaintiff at another store during a different period of time than that raised in her remaining pay discrimination claim is relevant. Therefore, this evidence appears to be of no probative value. Moreover, even if this evidence is of some probative value, such value is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury.

---

[37] Rec. Doc. 1.

[38] Rec. Doc. 144-1 at 3–4.

[39] *Id.* at 4.

## IV. Conclusion

For the reasons stated above, evidence of Plaintiff's voluntarily dismissed claims and any evidence tending to prove or disprove those claims is of little probative value to the remaining issues to be decided by the jury. Further, the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion in Limine to Exclude Evidence of Her Voluntarily Dismissed Claims and Any Evidence Tending to Prove or Disprove Those Claims"[40] is **GRANTED**. Evidence of Plaintiff's voluntarily dismissed claims and any evidence tending to prove or disprove those claims is excluded from introduction at trial.

**NEW ORLEANS, LOUISIANA**, this ___7th___ day of November, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[40] Rec. Doc. 144.

8