UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAVION FAIRLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-462** |
| **WAL-MART STORES, INC.** | **SECTION: "G"(4)** |

# ORDER

Before the Court is Plaintiff Ravion Fairley's ("Plaintiff") "Motion in Limine to Exclude Evidence of Her Employment After 2005."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Plaintiff is a former member of the *Wal-Mart Stores, Inc. v. Dukes*[2] class action, in which more than one million women alleged that Wal-Mart retail stores discriminated against its female employees with respect to pay and promotion to management track positions, in violation of Title VII.[3] After the *Dukes* class was decertified by the United States Supreme Court in 2011, Plaintiff filed a charge of discrimination with the EEOC in May of 2012, alleging sex discrimination.[4] The EEOC issued a right-to-sue notice to Plaintiff on November 20, 2014.[5]

---

[1] Rec. Doc. 188.

[2] 564 U.S. 338 (2011).

[3] Rec. Doc. 38.

[4] *Id.* at 2.

[5] *Id.*

1

Plaintiff initially filed a complaint in this matter, along with two other plaintiffs, Carasha Isaac and Yalile Leal, on February 12, 2015.[6] On October 14, by joint stipulation of the parties, this Court severed Isaac and Leal's cases from Plaintiff's case.[7] In her amended complaint, Plaintiff alleges that throughout her employment with Defendant Wal-Mart Stores, Inc. ("Defendant") she was paid less than her male counterparts in violation of Title VII of the Civil Rights Act of 1964.[8]

On November 1, 2016, the Court granted Plaintiff's motion for leave to file the instant motion.[9] On November 2, Defendant filed an opposition to the motion.[10]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of Her Motion in Limine*

Plaintiff moves the Court to issue an Order excluding evidence of her employment after 2005.[11] Plaintiff asserts that she is making no claim for lost wages or damages after 2005, and thus her employment after she left Wal-Mart in 2005 has no probative value and should be excluded.[12] Further, Plaintiff argues that admission of evidence of her subsequent employment and pay at those employers, is prejudicial, because Defendant is attempting to disprove its own discrimination by

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 36.

[8] Rec. Doc. 38.

[9] Rec. Doc. 186.

[10] Rec. Doc. 202.

[11] Rec. Doc. 188 at 1.

[12] Rec. Doc. 188-1 at 2.

2

pointing to the pay Plaintiff received from subsequent employers.[13] Accordingly, Plaintiff asserts that evidence related to her subsequent employment should be excluded because it would confuse the issues, mislead the jury, and be a waste of time.[14]

### B.     *Defendant's Arguments in Opposition to Plaintiff's Motion in Limine*

In opposition, Defendant notes that after Plaintiff left her employment with Wal-Mart in 2005 she was employed by six employers and paid between $8.50 and $11.55 per hour.[15] Defendant asserts that when Plaintiff left her employment with Wal-Mart in 2005 she was paid $11.59 per hour, and when she returned to Wal-Mart in 2009 she was paid more than the pay she received by all but one of her six employers in the interim absence from Wal-Mart.[16] Defendant argues that this evidence "shows other employers ranked her at a lower wage scale than Wal-Mart."[17] Defendant also notes that when Plaintiff reapplied for work at Wal-Mart in 2009, she requested a wage rate of $9.00 per hour but actually resumed employment for Wal-Mart at a rate of $10.60 per hour.[18] Accordingly, Defendant asserts that "plaintiff's employment offer in 2005 shows that Wal-Mart valued plaintiff's work at a higher rate than she herself or other employers did."[19] Therefore, Defendant argues that Plaintiff's employment wage history after 2005 is clearly

---

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 202 at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

relevant to its defenses.[20]

Defendant also argues that Plaintiff's employment after 2005 is relevant to her allegation that she was ready to become a Meat Cutter because she did not seek employment as a Meat Cutter after she left Wal-Mart.[21] Further, Defendant argues that the fact that Plaintiff returned to Wal-Mart in 2009 and expressed her happiness to be back in her 2010 Wal-Mart evaluation is relevant to the credibility of Plaintiff's claims of discrimination against Wal-Mart.[22] At a minimum, Defendant asserts it would be premature to grant this motion at this time because the Court does not know the exact nature of the evidence Plaintiff seeks to introduce at trial.[23]

### III. Law and Analysis

*A.    Legal Standard*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402 relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

---

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.*

[23] *Id.*

4

needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[24] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[25]

### B. *Analysis*

Plaintiff argues that evidence of her employment after 2005 is of no probative value because she is making no claim for lost wages or damages after 2005.[26] Further, Plaintiff argues the evidence is prejudicial, because Defendant is attempting to disprove its own discrimination by pointing to the pay Plaintiff received from subsequent employers.[27] In opposition, Defendant argues that evidence of Plaintiff's employment after 2005 is relevant to its defenses because it shows that Plaintiff was paid less in her subsequent employment than the pay she received at Wal-Mart.[28] Defendant also argues that such evidence is relevant to Plaintiff's allegation that she was ready to become a Meat Cutter because she did not seek employment as a Meat Cutter after she left Wal-Mart.[29]

Evidence of Plaintiff's employment after 2005 is relevant to the defense that she was paid fairly during her employment with Wal-Mart from 1997 to 2005 based on her experience and skill. Such evidence is also relevant to show that Plaintiff did not seek employment as a Meat Cutter

---

[24] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[25] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[26] Rec. Doc. 188-1 at 2.

[27] *Id.*

[28] Rec. Doc. 202 at 2.

[29] *Id.* at 3.

after she left her employment with Wal-Mart in 2005. Plaintiff has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Accordingly, the Court denies Plaintiff's motion.

### IV. Conclusion

For the reasons stated above, evidence of Plaintiff's employment after 2005 is relevant to Defendant's claimed defenses. Plaintiff has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion in Limine to Exclude Evidence of Her Employment After 2005"[30] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___7th___ day of November, 2016.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[30] Rec. Doc. 188.