**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RAVION FAIRLEY                                          CIVIL ACTION

VERSUS                                                  NO. 15-462

WAL-MART STORES, INC.                                   SECTION: "G"(4)

## ORDER

Before the Court is Plaintiff Ravion Fairley's ("Plaintiff") "Renewed Motion for Judgment as a Matter of Law and Request for a New Trial."[1] Having considered the pending motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

*A.     Factual Background*

On February 12, 2015, Plaintiff brought a lawsuit against Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") alleging that Defendant discriminated against her based on her gender by paying her less than similarly situated male employees in violation of Title VII.[2] Plaintiff alleges that she was employed by Defendant in Covington, Louisiana from December of 1997 to approximately October of 1999 as a meat wrapper and case worker in the Meat Department.[3] In 1999, Plaintiff transferred to the Seafood Department, where she alleges that she worked as a

---

[1] Rec. Doc. 241.

[2] Rec. Doc. 1.

[3] Rec. Doc. 189 at 3.

1

manager/lead associate, while also fulfilling duties in the Meat Department as needed.[4] Plaintiff worked in the Seafood Department until she resigned in March of 2005.[5] Plaintiff was hired and supervised by Manager Butch Hebert ("Hebert"), who was responsible for overseeing the four separate departments within his division at the Covington Wal-Mart: meat, seafood, deli, and the "97 Wall," or cold-cuts.[6] At that time, Plaintiff claims, employees in the Meat Department could be assigned to four separate roles: lead associate, meat cutter, meat wrapper, and case worker.[7] Plaintiff alleges that, although there was no formal restriction that female employees could not be assigned to the lead associate or meat cutter positions, Defendant excluded women from those positions.[8]

According to Plaintiff, Hebert's refusal to assign women the duties of lead associate or meat cutter resulted in female employees receiving drastically lower pay, as those two positions were the highest-earning ones in the Meat Department.[9] Plaintiff claims that she was paid less than male employees in her same position during her time as a meat wrapper and case worker in the Meat Department and that the pay disparities continued when she moved to the Seafood Department in 1999, which Hebert encouraged her to do.[10] According to Plaintiff, she ended up performing all the duties of a lead associate within the Seafood Department, but did not receive

---

[4] *Id.* at 4.

[5] *Id.*

[6] Rec. Doc. 230 at 1.

[7] *Id.*

[8] Rec. Doc. 189 at 4; Rec. Doc. 38 at 4.

[9] Rec. Doc. 189 at 4; Rec. Doc. 230 at 2.

[10] Rec. Doc. 189 at 4.

the official title and was paid less than the male lead associate.[11]

Plaintiff argues that the pay disparities worsened after 2001, when Defendant switched to pre-packaged meat, eliminating the need for the meat cutter position.[12] Plaintiff argues that the meat cutters no longer performed the "skilled" duties of cutting meat, and were reassigned to sales associate positions that were the same as those that had previously been performed by the lower-paid female employees.[13] Nevertheless, Plaintiff alleges that the former male meat cutters retained their higher hourly pay, which resulted in a significant pay gap, with Plaintiff earning less than male employees for performing the same or similar duties.[14]

**B.     *Procedural Background***

Plaintiff initially filed a complaint in this matter, along with two other plaintiffs, Carasha Isaac and Yalile Leal, on February 12, 2015.[15] On October 14, 2016, by joint stipulation of the parties, this Court severed Isaac and Leal's cases from Plaintiff's case.[16] On October 31, 2016, the Court granted in part and denied in part Defendant's motion for summary judgment.[17] The Court granted Defendant's motion to the extent that Plaintiff had not contested Defendant's assertion that her claims occurring before December 26, 1998, were time-barred.[18] The Court denied Defendant's motion in all other respects, finding that Plaintiff had pointed to sufficient evidence

---

[11] *Id.*

[12] Rec. Doc. 241-1 at 3; Rec. Doc. 230 at 2.

[13] Rec. Doc. 241-1 at 3; Rec. Doc. 230 at 2.

[14] Rec. Doc. 241-1 at 3.

[15] Rec. Doc. 1.

[16] Rec. Doc. 36.

[17] Rec. Doc. 179.

[18] *Id.* at 62.

3

supporting her assertion that her claims arising since December 26, 1998, were not procedurally barred or time barred and determining that genuine issues of fact were in dispute regarding whether Plaintiff had asserted a valid claim for discrimination.[19] A jury trial was held in this matter from December 5 to December 7, 2016.[20]

On December 7, 2016, at the close of Defendant's case, Plaintiff orally raised a motion for judgment as a matter of law that after 2001, Defendant discriminated against Plaintiff on the basis of gender with respect to her pay.[21] Specifically, Plaintiff argued that Hebert testified that after meat cutting was eliminated in August of 2001, Defendant paid male former meat cutters and Plaintiff differently for the same work.[22] The Court denied Plaintiff's motion, finding that there was contradicting evidence as to whether another male employee was performing the same job as Plaintiff.[23] The Court submitted to the jury the questions of whether Plaintiff was paid less than a male performing the same or similar job and whether gender was a motivating factor in the decision to set Plaintiff's pay.[24] On December 7, 2016, the jury rendered a verdict in favor of Defendant, finding that Plaintiff had not proven that Defendant paid her less than a male worker or male workers who performed the same or similar job.[25] Having found that Plaintiff had not proven that she was paid less than a male employee or male employees performing the same or similar work, the jury did not reach the issue of whether gender was a motivating factor for Defendant's pay

---

[19] *Id.*

[20] Rec. Docs. 231, 232, 233.

[21] Trial Tr. vol. 3 at 546–547.

[22] *Id.* at 546.

[23] *Id.* at 552.

[24] Rec. Doc. 235.

[25] *Id.* at 1.

decisions or damages.[26]    On December 8, 2016, the Court entered judgment in favor of Defendant.[27]

On January 4, 2017, Plaintiff filed the pending "Renewed Motion for Judgment as a Matter of Law and Request for a New Trial."[28] On January 24, 2017, Defendant filed an opposition to the motion.[29] With leave of Court, Plaintiff filed a reply in further support of the motion on February 1, 2017.[30] With leave of Court, Defendant filed a sur-reply in further opposition to the motion on February 6, 2017.[31]

## II. Parties' Arguments

### A.    Plaintiff's Arguments in Support of the Motion

In support of her motion for judgment as a matter of law and request for a new trial, Plaintiff argues: (1) that Plaintiff is entitled to judgment as a matter of law that she was paid less than male workers in a same or similar position after August of 2001; and (2) that Plaintiff is entitled to a new trial on the issues that remain unaddressed by the jury's verdict.[32] In particular, Plaintiff asserts that Defendant switched to pre-packaged meat and eliminated the meat cutter position in August of 2001.[33] After August of 2001, Plaintiff argues, male former meat cutters in the Meat

---

[26] *Id.*

[27] Rec. Doc. 236.

[28] Rec. Doc. 241.

[29] Rec. Doc. 245.

[30] Rec. Doc. 248.

[31] Rec. Doc. 251.

[32] Rec. Doc. 241-1 at 10, 12.

[33] *Id.* at 3.

Department became sales associates and were paid more than Plaintiff, who worked in the Seafood Department at that time.[34]

First, Plaintiff contends that the jury's verdict is contrary to the uncontroverted testimony of Defendant's own witnesses at trial.[35] According to Plaintiff, Hebert was the general manager of Division 24, which included the Meat Department, the Seafood Department, the Deli Department, and the "97 cold cuts wall."[36] At trial, Plaintiff asserts that Hebert testified that only men held meat cutter positions at the Covington store where he was a manager and that it was his choice to have it that way.[37] Plaintiff further represents that Hebert testified that Wal-Mart classified meat cutters and meat wrappers using the same terms in its records and that after August of 2001, many of the meat cutters transitioned into the role of "sales associate" and performed "essentially the same job" as Plaintiff in the Seafood Department.[38] According to Plaintiff, Hebert also admitted that male sales associates in the Meat Department were paid more than Plaintiff despite doing the same work.[39]

Plaintiff also points to the testimony of James "Jimmy" Duncan ("Duncan"), a male former meat cutter who was reclassified as a sales associate in the Meat Department after meat cutting was eliminated in August of 2001.[40] According to Plaintiff, Duncan also admitted that former meat cutters who were reclassified as sales associates in the Meat Department after August of 2001

---

[34] *Id.*

[35] *Id.* at 10.

[36] *Id.* at 2.

[37] *Id.* (citing Trial Tr. vol. 2 at 188–189).

[38] *Id.* (citing Trial. Tr. vol. 2 at 234–235).

[39] *Id.* at 10–11 (citing Trial. Tr. vol. 2 at 237–239).

[40] *Id.* at 5.

performed similar duties as Plaintiff while she was a sales associate in the Seafood Department, *i.e.* "working the case."[41] Plaintiff further contends that Duncan testified that "working the case" in the Meat Department did not require different duties from "working the case" in the Seafood Department, where Plaintiff worked.[42] Plaintiff argues that nothing in the trial record contradicts the direct testimony of Hebert and Duncan that as a sales associate in the Seafood Department, Plaintiff was performing the same or similar work as male former meat cutters in the Meat Department after August of 2001.[43]

Moreover, Plaintiff asserts that she introduced into evidence at trial Wal-Mart's pay records, which demonstrated that male sales associates in the Meat Department were paid more than Plaintiff was, despite holding the same or similar job.[44] According to Plaintiff, the records introduced at trial demonstrated that Wal-Mart stopped distinguishing between meat cutters and meat wrappers in August of 2001 but still paid male employees in the Meat Department more than Plaintiff, even though they all assumed the same job title and responsibilities and were subject to the same job description.[45] Based on this evidence, Plaintiff argues that the Court should enter judgment as a matter of law in favor of Plaintiff that she was paid a lower wage than male employees performing the same job after Wal-Mart eliminated the meat cutting positions in August of 2001.[46]

---

[41] *Id.* at 6, 11 (citing Trial Tr. vol. 2 at 153, 155–156, 160).

[42] *Id.* at 7 (citing Trial Tr. vol. 2 at 160).

[43] *Id.*

[44] *Id.* (citing Tr. Exh. 1).

[45] *Id.* at 12 (citing Tr. Exhs. 1, 4, 18–20).

[46] *Id.*

Second, Plaintiff argues that she is entitled to a new trial on the issues that remain unaddressed by the jury's verdict.[47] According to Plaintiff, because the jury answered the first question on the verdict form, *i.e.* whether Plaintiff was paid less than a male employee or male employees performing the same or similar work, in the negative, the jury did not reach the remaining issues in the case.[48] In particular, if the Court grants Plaintiff's renewed motion for judgment as a matter of law that Plaintiff was paid less than a male employee or male employees performing the same or similar work, Plaintiff argues that a new trial is necessary to address the issue of whether gender was a motivating factor in Defendant's decision to pay Plaintiff less than her male comparators, as well as damages.[49]  Plaintiff concedes that conflicting evidence was presented regarding the issue of whether gender was a "causative factor" for the pay discrepancy and argues that determination of this issue, which was not addressed by the jury, along with determination of potential damages, would require a new trial.[50]

### B.    Wal-Mart's Arguments in Opposition to the Motion

In opposition, Defendant reads Plaintiff's motion as objecting to the verdict form's structure.[51] Defendant argues that because Plaintiff failed to object to the jury verdict form in her pre-verdict Rule 50(a) motion at trial, she has forfeited the right to now raise the issue for the first time in a renewed motion.[52] Defendant contends that this waiver of the jury verdict issue alone is

---

[47] *Id.*

[48] *Id.* (citing Rec. Doc. 235).

[49] *Id.*

[50] *Id.* at 12–13.

[51] Rec. Doc. 245 at 11.

[52] *Id.* at 11–12.

sufficient to compel denial of Plaintiff's post-trial motion.[53] Defendant further contends that the jury verdict form was structured in accordance with the Fifth Circuit Pattern Jury Instructions and was in compliance with the standard established in the Fifth Circuit for gender pay discrimination cases.[54] Moreover, Defendant argues, even if Plaintiff has not waived her right to object to the verdict form, a new trial is not warranted, because the unanimous jury, which was polled by the Court, found that Plaintiff was not paid less than any male who performed the same or similar job.[55]

According to Defendant, the issue for the jury was not simply whether Plaintiff was paid less than a male employee for similar work, but also whether Plaintiff and that male employee were similarly situated from Wal-Mart's perspective.[56] Defendant argues that the jury reasonably found that Plaintiff's circumstances were not "nearly identical" to any alleged male comparator.[57] Defendant asserts that Plaintiff focused on two alleged male comparators, Duncan, a male former meat cutter in the Meat Department, and Chris DeLuca ("DeLuca"), the lead associate in the Meat Department.[58] Wal-Mart further asserts that Plaintiff claimed at trial that: (1) she should have been paid as much as the meat cutters during her time in the Meat Department and compared herself to Duncan, a meat cutter with thirteen years of experience; and (2) during Plaintiff's time in the Seafood Department, she was the "Seafood Manager" and should have been paid as much as the

---

[53] *Id.* at 12.

[54] *Id.*

[55] *Id.* at 13.

[56] *Id.* at 14 (citing Trial Tr. vol. 3 at 597).

[57] *Id.*

[58] *Id.* at 15.

lead associate, DeLuca, who had more than five years of experience as a meat cutter before coming to Wal-Mart.[59]

According to Defendant, Plaintiff herself testified that Wal-Mart was justified in paying her more than Doug Helmer, a male employee in the Seafood Department, even though they were both categorized as "Sales Associates," because she had more training, experience, and seniority.[60] Wal-Mart argues that the jury correctly found that the same reasons justified the pay differential between Plaintiff and Duncan, a meat cutter with more training and seniority.[61] As to Plaintiff's claim that DeLuca was a proper comparator, Defendant argues that the evidence at trial demonstrated that DeLuca performed several tasks, *e.g.*, supervising four departments, directly supervising Plaintiff, and preparing monthly profit and loss statements, that Plaintiff did not.[62] Moreover, Defendant asserts that five witnesses all contradicted Plaintiff's claim that she was manager of the Seafood Department.[63]

Defendant argues that Plaintiff's assertion that the testimony of Hebert and Duncan established that Plaintiff was performing the same job as every other sales associate in the Meat Department and Seafood Department after August 2001 is flawed, because it ignores the "testimony of every fact witness," all of whom Defendant alleges testified that at the time the meat cutting position was eliminated, the pay of former meat cutters and meat wrappers was based on their experience and skills.[64] Defendant also contends that Plaintiff misconstrues the testimony of

---

[59] *Id.* (citing Trial. Tr. vol. 3 at 560–561; vol. 1 at 70, 109–110, 176).

[60] *Id.* (citing Trial Tr. vol. 3 at 396).

[61] *Id.* at 16 (citing Trial Tr. vol. 2 at 177; vol. 3 at 466–468; Exh. 1 at 20.17).

[62] *Id.* (citing Trial Tr. vol. 2 at 115–116, 226–227, 231–232).

[63] *Id.* (citing Trial Tr. vol. 1 at 122; vol. 2 at 225; vol. 3 at 458–459, 527, 531).

[64] *Id.*

Hebert, who testified that former meat cutters like Duncan made more than Plaintiff at the time that the meat cutting position was eliminated due to their higher salaries as meat cutters.[65] Moreover, Defendant represents that Hebert also testified that none of the former meat cutters ever moved to the Seafood Department or performed the same job as Plaintiff after meat cutting was eliminated.[66] Defendant points out that the testimony at trial established that the Seafood Department, where Plaintiff worked from 1999 to 2005, only generated between $6,000 to $8,000 in revenue per week, while the Meat Department, where the male former meat cutters who Plaintiff alleges are proper comparators worked after 2001, generated $100,000 in revenue per week.[67] Defendant also notes that Duncan remained responsible for unloading trucks even after the elimination of the meat cutting position.[68]

According to Defendant, Plaintiff also argued at trial that she was not similarly situated to sales associates in the Seafood Department and instead contended that she was the Seafood Department manager with different duties.[69] Defendant argues that the jury rejected Plaintiff's attempt to "have it both ways" by claiming that she was a sales associate for the purposes of comparing herself to former meat cutters and then claiming that she was a manager for the purpose of comparing herself to the lead associate.[70] Defendant asserts that the Court found at trial that there was contradictory evidence regarding the issue of whether any male was performing the same

---

[65] *Id.* at 17 (citing Trial Tr. vol. 2 at 237).

[66] *Id.* (Trial Tr. vol. 2 at 278).

[67] *Id.* at 7 (citing Trial Tr. vol. 2 at 278; vol. 3 at 458).

[68] *Id.* (citing Trial Tr. vol. 2 at 175).

[69] *Id.* (citing Trial Tr. vol. 2 at 30–34, 36; vol. 3 at 368–377).

[70] *Id.*

job duties as Plaintiff and denied the Rule 50 motions of both parties.[71] Because, Defendant argues, there was substantial evidence presented at trial that Plaintiff did not perform the same job duties as a higher paid male in similar circumstances, the jury's verdict was consistent with the evidence and should be maintained.[72]

Finally, Wal-Mart argues that because the jury's verdict was "more than substantially supported" by the evidence at trial, Plaintiff's request for a new trial should likewise be denied for the same reasons that the motion for judgment as a matter of law should be denied.[73]

### C.    *Plaintiff's Reply in Support of the Motion*

In reply, Plaintiff argues that the admissions of Defendant's witnesses at trial "plainly established" that after August of 2001, Plaintiff performed the exact same duties as the male sales associates in the Meat Department.[74] According to Plaintiff, Hebert testified that Plaintiff performed the exact same job as the male sales associates in the Meat Department,[75] and Duncan echoed Hebert's testimony.[76] Plaintiff contends that Defendant has presented no evidence to contradict the testimony of Hebert and Duncan.[77] Rather, Plaintiff asserts that Defendant merely argues that Plaintiff was less qualified than the male sales associates in the Meat Department.[78] However, Plaintiff argues that the backgrounds and qualifications of the male sales associates in

---

[71] *Id.* at 18.

[72] *Id.*

[73] *Id.* at 18–19.

[74] Rec. Doc. 248 at 2.

[75] *Id.* at 2–3 (citing Trial Tr. vol. 2 at 235, 236, 237).

[76] *Id.* at 3–4 (citing Trial Tr. vol. 2 at 150, 160).

[77] *Id.* at 4.

[78] *Id.*

the Meat Department were irrelevant to the first question on the verdict form, which asked whether Plaintiff was paid less than a male employee or male employees performing the same or similar work.[79] Plaintiff maintains that the evidence at trial indicated that five former meat cutters remained in the Meat Department after August of 2001 and that each of these male associates was paid more than her.[80]

Next, Plaintiff presents eight arguments in response to issues raised in Defendant's opposition. First, Plaintiff asserts that she is not objecting to the structure of the verdict form but to the verdict itself.[81] Second, Plaintiff again argues that the background and qualifications of the male employees are irrelevant to the first question on the verdict form.[82] Third, Plaintiff argues that her testimony that she performed duties greater than those of other sales associates does not justify why she was paid less than male sales associates in the Meat Department.[83] Fourth, Plaintiff contends that the fact that there were male employees who made less than Plaintiff and female employees who made more is irrelevant to the first question on the verdict form.[84]

Fifth, Plaintiff argues that Defendant only cites to a single duty, *i.e.* unloading trucks, to support its assertion that the elimination of the meat cutter position did not eliminate all of the duties formerly handled by meat cutters.[85] According to Plaintiff, Defendant did not point to any other evidence to demonstrate a disparity between Plaintiff's duties and those of the male sales

---

[79] *Id.*

[80] *Id.* at 4–5 (citing Tr. Exhs. 1, 5).

[81] *Id.* at 5.

[82] *Id.* at 6.

[83] *Id.*

[84] *Id.*

[85] *Id.*

associates.[86] Moreover, Plaintiff argues, Hebert admitted that whether an employee could unload a truck had no bearing on his or her compensation.[87]

Sixth, Plaintiff asserts that Defendant misrepresented Hebert's testimony in its opposition by representing that Hebert testified that "none of the former Meat Cutters ever moved to the Seafood Department **or** performed the same job that Plaintiff did after meat cutting was eliminated."[88] According to Plaintiff, Hebert actually testified that "after meat cutting was eliminated, none of the former meat cutters moved to the seafood department **and** performed the same job as Plaintiff."[89] According to Plaintiff, this testimony does not conflict with Hebert's testimony that Plaintiff performed the "exact same" job as the male sales associates in the Meat Department after August of 2001.[90] Seventh, Plaintiff contends that there is nothing illogical about her argument that she could be compared to both sales associates and department managers while she was in the Seafood Department, because Wal-Mart's records listed Plaintiff as a sales associate during the time Plaintiff alleges that she assumed the role as department manager.[91]

Finally, Plaintiff argues that the evidence does not support Defendant's assertion that there was no evidence presented at trial that any specific male was doing the same job as Plaintiff.[92] According to Plaintiff, Duncan testified that he was doing the same job as Plaintiff, and Hebert testified that all of the male sales associates in the Meat Department were doing the same job as

---

[86] *Id.*

[87] *Id.* at 7 (citing Trial Tr. vol. 2 at 272)

[88] *Id.* (citing Rec. Doc. 245 at 17) (emphasis in original).

[89] *Id.* (citing Trial Tr. vol. 2 at 278) (emphasis in original).

[90] *Id.*

[91] *Id.* (citing Tr. Exhs. 5, 3).

[92] *Id.* at 8.

Plaintiff after August of 2001.[93] Thus, Plaintiff argues, the jury's verdict was contrary to the evidence and the motion should be granted.[94]

### D.    Wal-Mart's Sur-Reply in Further Opposition to the Motion

In its sur-reply, Defendant argues that Plaintiff clearly objected to the structure of the verdict form in its memorandum in support of the post-trial motion.[95] Defendant argues that according to Plaintiff, it was impermissible for the jury to decide the first question of the verdict form in the negative and that the jury's decision to do so mandates a new trial or judgment as a matter of law.[96] However, Defendant contends that even assuming Plaintiff is correct, Plaintiff was required to object to the verdict form and request that the first question be removed at the charge conference or before the jury was dismissed.[97]

Defendant next argues that the jurors were required to consider the jury instructions in reaching their verdict.[98] Specifically, Defendant notes that the Court instructed the jurors that "to show that she was paid less than a male worker who performed the same or similar job," Plaintiff must "show that her circumstances were nearly identical to a male employee that was paid more than she was."[99] According to Defendant, the evidence at trial indicated that nearly every hourly

---

[93] *Id.*

[94] *Id.*

[95] Rec. Doc. 251 at 1.

[96] *Id.* at 2.

[97] *Id.*

[98] *Id.*

[99] *Id.* at 2 (citing Trial Tr. vol. 3 at 597).

employee in the store was categorized as a "sales associate" and did not establish that Duncan, a sales associate in the Meat Department, and Plaintiff were proper comparators.[100]

Defendant argues that the legal question to be applied to the facts was whether Plaintiff proved that she and an alleged male comparator were similarly situated from Wal-Mart's perspective at the time of the employment decisions at issue.[101] Defendant further argues that the jury correctly found that Duncan was not similarly situated to Plaintiff, because of his tenure, experience, and training.[102] Moreover, Defendant contends that Duncan's responsibilities as a sales associate in the Meat Department were not the same as those of Plaintiff.[103] As an example, Defendant notes that Duncan was required to unload trucks, while Plaintiff was not.[104] Defendant contends that Plaintiff's argument that Defendant failed to prove that Plaintiff did not have such a responsibility has no merit, as Plaintiff bore the burden at trial to prove that her responsibilities were identical or nearly identical to a male comparator.[105]

Next, Defendant contends that it has cited to trial evidence rebutting the testimony that after August of 2001 Plaintiff performed the same duties as male Meat Department associates.[106] First, Defendant points to the testimony of Hebert that none of the former meat cutters moved to the Seafood Department and performed the same job as Plaintiff after meat cutting was

---

[100] *Id.* at 2–3.

[101] *Id.* at 3 (citing Trial Tr. vol. 3 at 597).

[102] *Id.*

[103] *Id.*

[104] *Id.*

[105] *Id.*

[106] *Id.* at 4.

eliminated.[107] Defendant contends that the jury viewed this testimony as conflicting with Hebert's earlier testimony that Plaintiff and the male Meat Department associates performed the same job after 2001, and resolved the conflict in favor of Wal-Mart.[108] Second, Defendant points to Plaintiff's own testimony that as the only Seafood Department manager, she performed duties, *e.g.*, ordering product and supervising other associates, that were not performed by other Seafood Department associates or Meat Department associates.[109] Defendant argues that the jury could have accepted Plaintiff's testimony and concluded that she did not perform the same job as other sales associates in the Seafood Department and Meat Department.[110] Moreover, Defendant notes that Plaintiff has admitted that she performed duties after August of 2001 that male associates did not perform, which Defendant argues confirms that Plaintiff was not doing the same job as these alleged male comparators.[111]

Lastly, Defendant argues that Plaintiff fails to address the Court's finding that there was contradicting evidence regarding who did the same job as Plaintiff and that the jury properly resolved those contradictions in favor of Defendant.[112] Because, Defendant argues, the verdict was substantially supported by the evidence and consistent with the Court's instructions on the law, it requests that the Court deny Plaintiff's motion in its entirety.[113]

---

[107] *Id.* (citing Trial Tr. vol. 2 at 278).

[108] *Id.*

[109] *Id.* (citing Trial. Tr. vol. 1 at 30–34, 36; vol. 3 at 368–373, 396).

[110] *Id.*

[111] *Id.* at 5.

[112] *Id.*

[113] *Id.* at 5–6.

## III. Law and Analysis

***A.***    ***Legal Standard***

### 1.    Motion for Judgment as a Matter of Law Under Rule 50

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on the issue, the court may:
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Motions under Rule 50(a)(1) may be renewed after trial pursuant to Rule 50(b), which states:

> If the court does not grant a motion as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the motion, the court may:
>
> > (1) allow judgment on the verdict, if the jury returned a verdict;
> >
> > (2) order a new trial; or
> >
> > (3) direct the entry of judgment as a matter of law.

The Fifth Circuit has emphasized that "the two basic purposes of this rule are to enable the trial court to re-examine the question of evidentiary sufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury."[114]

---

[114] *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th Cir. 1996) (internal citation and quotation marks omitted).

A motion pursuant to Rule 50(b) "in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict."[115] Therefore, under Rule 50(b), "judgment as a matter of law is proper after a party has been fully heard by the jury on a given issue, and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue."[116] In evaluating a Rule 50(b) motion, a court must "consider all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party."[117] Because all reasonable inferences and credibility determinations should be resolved in favor of the non-movant in a Rule 50(b) motion for judgment as a matter of law, "judgment as a matter of law should not be granted unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion."[118]

### 2.    Motion for a New Trial Under Rule 59

Federal Rule of Civil Procedure 59 governs motions for a new trial. Rule 59(a) provides:

The Court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

---

[115] *Flowers v. S. Reg'l Phys. Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (quoting *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000)).

[116] *Id.* (internal citation and quotation marks omitted).

[117] *Id.* (internal citation and quotation marks omitted).

[118] *Id.* (internal citation and quotation marks omitted).

"The trial court's power to grant a new trial [under Rule 59(a)] on the basis of the court's firm belief that the verdict is clearly contrary to the weight of the evidence has . . . long been regarded as an integral part of trial by jury."[119] "In making the determination, the district court weighs all the evidence, but need not view it in the light most favorable to the nonmoving party."[120] The Fifth Circuit has instructed that district courts should "respect the jury's collective wisdom and must not simply substitute its opinion for the jury's," but "if the trial judge is not satisfied with the verdict of a jury, [she or he] has the right—and indeed the duty—to set the verdict aside and order a new trial."[121] Under Rule 59, "new trials must not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."[122]

## B.    Analysis

In her motion, Plaintiff argues that: (1) she is entitled to judgment as a matter of law that she was paid less than a male worker or male workers who performed the same or similar job; and (2) a new trial is needed to address the issue of whether gender was a motivating factor in Defendant's decision to pay Plaintiff less than a male worker or male workers performing the same or similar job, as well as damages.[123] Defendant argues that: (1) Plaintiff waived any objection to "any issue related to the verdict form following the trial" by failing to object to the verdict form at trial; (2) the jury's verdict for Defendant was based on substantial evidence presented at trial; and (3) a new trial is not warranted.[124] The Court will address each of the parties' arguments in turn.

---

[119] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

[120] *Id.*

[121] *Id.*

[122] *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).

[123] Rec. Doc. 241.

[124] Rec. Doc. 245 at 2–3.

### 1.    Verdict Form

As an initial matter, the Court notes that Defendant reads Plaintiff's motion as an attempt to object to the structure of the jury verdict form.[125] Defendant argues that Plaintiff waived any objection to the verdict form by failing to object to the structure of the verdict form at trial.[126] However, as Plaintiff asserts in her briefing, Plaintiff is not objecting to the structure of the verdict form here, but rather to the verdict itself.[127] Indeed, the Court notes that Plaintiff's only reference to the verdict form in her arguments is that a new trial is warranted on the remaining issues in her Title VII claim, because the jury answered the first question on the verdict form in the negative and did not reach the remaining issues.[128]

Moreover, the Court notes that according to Defendant, "Plaintiff was obligated to object to the verdict form and to request that question no. 1 [*i.e.* whether Plaintiff proved that she was paid less than a male employee or male employees performing the same or similar job] be removed at the charge conference or before the jury was dismissed."[129] However, the Court notes that Plaintiff *did* move at trial for judgment as a matter of law on the first question on the jury verdict form, *i.e.* the issue of whether Plaintiff was paid less than a male employee or male employees performing the same or similar job.[130]

---

[125] *See id.* at 1.

[126] *Id.* at 2.

[127] *See* Rec. Doc. 248 at 5.

[128] *See* Rec. Doc. 241-1 at 12.

[129] Rec. Doc. 251.

[130] *See* Trial Tr. vol. 3 at 546.

Pursuant to Rule 50(b), if the Court does not grant a motion for judgment as a matter of law at trial, the Court is "considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."[131] Moreover, a movant may file a renewed motion no later than 28 days after the entry of judgment.[132] Here, Plaintiff moved for judgment as a matter of law at trial that Plaintiff was paid less than a male employee performing the same or similar job and properly filed a renewed motion within 28 days after the entry of judgment.[133] Accordingly, the Court finds that Plaintiff is not objecting to the structure of the verdict form and instead seeks judgment as a matter of law in Plaintiff's favor as to the first question on the verdict form. Moreover, Plaintiff did not waive her right to bring a renewed motion for judgment as a matter of law. The Court will therefore proceed to the merits of Plaintiff's motion.

### 2.    Whether the Evidence was Sufficient to Support the Jury's Verdict

As noted *supra*, on a motion for judgment as a matter of law pursuant to Rule 50(b), the Court evaluates the "legal sufficiency of the evidence supporting the jury's verdict."[134] Here, Plaintiff argues that the evidence at trial was insufficient to support the jury's verdict that Plaintiff did not prove that Defendant paid her less than a male worker or male workers who performed the same or similar job.[135]

Title VII prohibits discrimination in compensation based on an individual's sex.[136] In order to prove a claim for discrimination in compensation, a plaintiff must show that she was a member

---

[131] Fed. R. Civ. P. 50(b).

[132] *Id.*

[133] Rec. Doc. 241.

[134] *Flowers*, 247 F.3d at 235 (quoting *Ford*, 230 F.3d at 830).

[135] Rec. Doc. 241-1 at 1.

[136] *See* 42 U.S.C. § 2000e-2(a)(1).

of a protected class, that she was paid less than a similarly situated male comparator, and that a defendant had discriminatory intent when setting her compensation lower than the similarly situated male comparator.[137] The Fifth Circuit has instructed that "[a]n individual plaintiff claiming disparate treatment in pay under Title VII must show that [his or her] circumstances are 'nearly identical' to those of a better-paid employee who is not a member of the protected class."[138] In determining whether an employee is a proper comparator, "the job content and actual job requirements, not the job title, classification or description are determinative."[139] Moreover, in determining whether a plaintiff was treated differently from similarly situated employees because of her membership in a protected class, the issue is whether a plaintiff and her alleged comparator employees were similarly situated "from the perspective of their employer at the time of the relevant employment decisions."[140]

Here, Plaintiff asserts that Hebert and Duncan testified that after Wal-Mart switched to pre-packaged meat in August of 2001, male associates working in the Meat Department, *i.e.* former meat cutters, were paid more than Plaintiff for doing the "very same work," and that no evidence was presented at trial to contradict this testimony.[141] By contrast, Defendant argues that sufficient evidence in the record exists to support the jury's verdict.[142] In particular, Defendant points out

---

[137] *See Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983); *Montgomery v. Clayton Homes, Inc.*, 65 F. App'x 508 (5th Cir. 2003) (*per curiam*).

[138] *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008) (citing *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). *See also Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (requiring that "an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken under nearly identical circumstances") (internal quotation marks omitted).

[139] *Montgomery*, 65 F. App'x at *2 (citing *EEOC v. Hernando Bank, Inc.*, 724 F.2d 1186, 1196 (5th Cir. 1984).

[140] *Perez v. Dept. of Crim. Justice, Inst. Div.*, 395 F.3d 206, 210 (5th Cir. 2004).

[141] Rec. Doc. 241-1 at 1, 11.

[142] Rec. Doc. 245 at 7.

that testimony and evidence was presented at trial that contradicted Hebert and Duncan's testimony that Plaintiff performed the same work as sales associates in the Meat Department after the elimination of the meat cutter position in August of 2001.[143]

As noted *supra*, "[a]n individual plaintiff claiming disparate treatment in pay under Title VII must show that his circumstances are 'nearly identical' to those of a better-paid employee who is not a member of the protected class."[144] Here, the Court finds that the evidence presented at trial was sufficient for a reasonable jury to find that Plaintiff had not shown that her circumstances were "nearly identical" to that of a better paid male employee.[145] Plaintiff argues that the uncontroverted evidence at trial demonstrates that she was paid less than male Meat Department sales associates after the meat cutting position was eliminated in 2001 despite the fact that Hebert and Duncan testified that the male Meat Department sales associates performed essentially the same job that Plaintiff did in the Seafood Department.[146] However, there exists sufficient contradictory evidence in the trial record to support the jury's verdict.

First, the evidence at trial established that Plaintiff and the male former meat cutters worked in different departments in Wal-Mart, *i.e.* the Seafood Department and the Meat Department. The evidence at trial demonstrated that Plaintiff worked in the Seafood Department from 1999 to 2005, while the male former meat cutters who Plaintiff alleges are proper comparators worked as sales

---

[143] *Id.*

[144] *Taylor*, 554 F.3d at 523 (internal citation omitted). *See also Lee*, 574 F.3d at 260.

[145] *Taylor*, 554 F.3d at 523.

[146] Rec. Doc. 241-1 at 5 (citing Trial Tr. vol. 2 at 234–239), 7 (citing Trial Tr. vol. 2 at 160).

associates in the Meat Department after 2001.[147] Moreover, Hebert testified that none of the former meat cutters moved to the Seafood Department and performed the same job as Plaintiff.[148]

Second, Duncan, a male former meat cutter who worked as a Meat Department sales associate after August of 2001, testified that his job duties included unloading trucks even after the meat cutting position was eliminated.[149] By contrast, there was no evidence at trial that Plaintiff unloaded trucks in her position in the Seafood Department. Plaintiff argues that Defendant has failed to cite to evidence that Plaintiff did not unload trucks in her position with the Seafood Department.[150] However, Plaintiff, not Defendant, bore the burden at trial to show that Plaintiff's circumstances were "nearly identical" to those of a better paid male employee, and Plaintiff has not pointed to evidence in the record that she unloaded trucks in her position with the Seafood Department, as Duncan testified that he did as a sales associate in the Meat Department after 2001.[151] Thus, a reasonable jury could have concluded that Plaintiff's duties, even if they overlapped with some of the duties of sales associates in the Meat Department, were not "nearly identical" to those of the sales associates in the Meat Department.

Third, the Court notes that there was testimony at trial that the Meat Department generated over $100,000 per week, while the Seafood Department only generated between $6,000 to $8,000 per week.[152] Given the evidence of this large difference between the weekly revenue generated in

---

[147] *See* Trial Tr. vol. 3 at 370; Tr. Exh. 1.

[148] Trial Tr. vol. 2 at 278.

[149] *Id.* at 154.

[150] Rec. Doc. 248 at 7.

[151] *See* Trial Tr. vol. 2 at 278.

[152] Trial Tr. vol. 3 at 278. *See also* Trial Tr. vol. 2 at 278 (Hebert testifying that "seafood just wasn't a big seller").

the two departments, the jury could have concluded that the "job content and actual job requirements" of the sales associates in the Meat Department included performing a higher volume of work than employees in the Seafood Department.[153]

Fourth, Plaintiff testified at trial that she took on the duties of department manager of the Seafood Department starting in 1999 through March of 2005,[154] and that her duties differed from those of the two other employees in the Seafood Department, who she identified as Seafood Department associates.[155] The jury could have reasonably concluded from Plaintiff's testimony that her duties in the Seafood Department, *e.g.*, "doing order, daily counts, supervising a couple associates," "[s]etting up the case," and "inventory," were different from those of the sales associates in the Meat Department and that her circumstances were not "nearly identical" to those of the male sales associates in the Meat Department.[156] The jury was entitled to weigh all the evidence at trial and to make credibility determinations when considering the conflicting witness testimony. Moreover, the jury was entitled to resolve any contradictions within the evidence in favor of Defendant by finding that Plaintiff's job duties in the Seafood Department were distinguishable from those of the male Meat Department sales associates.

Finally, the Court notes that the parties dispute whether employees' experience and qualifications may be taken into account when determining whether employees' circumstances are "nearly identical" such that they are proper comparators under Title VII.[157] In a recent decision,

---

[153] *See Montgomery*, 65 F. App'x at *2.

[154] Trial. Tr. vol. 3 at 368.

[155] *Id.* at 370–371.

[156] *Id.* at 369.

[157] *See* Rec. Doc. 248 at 6; Rec. Doc. 251 at 3.

the Fifth Circuit upheld a district court's factual finding at a bench trial that a plaintiff was not paid less than a similarly situated employee under Title VII.[158] In upholding the district court's factual finding, the Fifth Circuit found that the district court properly "considered a multitude of relevant evidence including the job responsibilities, experience, and qualifications of a number of Defendant's employees."[159] The Fifth Circuit further explained that in determining whether employees are similarly situated under Title VII, "the inquiry is case-specific and requires us to consider 'the full variety of factors than an objectively reasonable . . . decisionmaker would have found relevant in making the challenged decision.'"[160] Therefore, it appears that the testimony at trial that Plaintiff had less experience than the male former meat cutters would further support the jury's verdict that Plaintiff was not similarly situated to the male former meat cutters from the perspective of Wal-Mart.[161] Regardless, even if Plaintiff is correct that the qualifications and experience of a potential comparator employee may not be taken into account in determining whether an employee is a proper comparator under Title VII, the Court finds that the evidence discussed *supra* is sufficient to support the jury's verdict.

As noted *supra*, "judgment as a matter of law should not be granted unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could

---

[158] *Lavigne v. Cajun Deep Foundations, LLC*, 654 F. App'x 640 (5th Cir. 2016) (*per curiam*).

[159] *Id.* at 646.

[160] *Id.* (citing *Lindquist v. City of Pasadena*, 669 F.3d 225, 234 (5th Cir. 2012)).

[161] *See, e.g.*, Trial Tr. vol. 2 at 237 (Hebert testifying that Duncan's pay after the meat cutting position was eliminated was based on his previous experience as a meat cutter); Trial Tr. vol. 2 at 176 (Duncan testifying that he had over ten years of experience in meat cutting); Trial Tr. vol. 3 at 468 (Jehane Tidwell-Vauthier, Wal-Mart's corporate representative, testifying that meat cutting required more skill than meat wrapping and that the meat cutting position was therefore in a higher pay band than the meat wrapping position); Trial Tr. vol. 3 at 469 (Tidwell-Vauthier testifying that an employee in a lower pay band could be paid more than an employee in a higher pay band based on when an employee started, an employee's experience, and an employee's score on performance evaluations).

not reach a contrary conclusion."[162] Based on the foregoing evidence presented at trial in favor of Defendant, the Court finds that Plaintiff has failed to establish that a rational jury could only find that Plaintiff was paid less than a male employee in "nearly identical" circumstances from the perspective of her employer.[163] Accordingly, the Court denies Plaintiff's motion for judgment as a matter of law.

### 3.    Whether Plaintiff is Entitled to a New Trial

Plaintiff argues that because she is entitled to judgment as a matter of law on the issue of whether she was paid less than a similarly situated male employee, a new trial is necessary on the issue of whether gender was a motivating factor in Defendant's decision on Plaintiff's pay, as well as damages.[164] As noted *supra*, the Fifth Circuit has instructed that district courts should "respect the jury's collective wisdom and must not simply substitute its opinion for the jury's," but "if the trial judge is not satisfied with the verdict of a jury, [she or he] has the right—and indeed the duty—to set the verdict aside and order a new trial."[165] Under Rule 59, "new trials must not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."[166]

As an initial matter, the Court notes that Plaintiff has not requested a new trial in the alternative to an order granting judgment as a matter of law on the issue of whether Plaintiff was paid less than a similarly situated male comparator, but rather contends that a new trial is necessary

---

[162] *Id.* (internal citation and quotation marks omitted).

[163] *See Taylor*, 554 F.3d at 523.

[164] Rec. Doc. 241 at 1.

[165] *Id.*

[166] *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).

to address the issues that the jury did not reach at trial after finding that Plaintiff had failed to prove that she was paid less than a male employee who performed the same or similar job.[167] Because the Court found *supra* that Plaintiff is not entitled to judgment as a matter of law on the issue of whether she was paid less than a male employee who performed the same or similar job, the Court finds that Plaintiff is not entitled to a new trial on the basis that the jury should have reached the remaining issues on the verdict form.

Even assuming that Plaintiff is moving for a new trial in the alternative on the basis that the jury's verdict was against the great weight of the evidence, the Court finds that the verdict was not against the great weight of the evidence presented at trial. Here, as discussed *supra*, ample evidence was presented at trial for a reasonable jury to find that Plaintiff had not proven that she was paid less than a male worker or male workers performing the same or similar job. Thus, the jury's verdict in favor of Defendant was not against the great weight of the evidence presented at trial.[168] As the Fifth Circuit has instructed, a judge may not "order a new trial simply because [she or he] disagrees with the verdict."[169] Moreover, "[t]he great weight of the evidence standard is not easily met."[170]  Based on the evidence in the record, the Court is satisfied that the jury's verdict was not against the great weight of the evidence. Accordingly, based on the evidence, the Court denies Plaintiff's motion for a new trial.

---

[167] Rec. Doc. 241 at 1.

[168] *See Shows,* 671 F.3d at 930.

[169] *Id.*

[170] *Id.*

## IV. Conclusion

Based on the foregoing, the Court finds that there is sufficient evidence in the record to support the jury's verdict that Plaintiff did not prove that she was paid less than a male employee or male employees who performed the same or similar job. Thus, the Court denies Plaintiff's motion for judgment as a matter of law. Because the Court finds that Plaintiff is not entitled to judgment as a matter of law on the issue of whether she was paid less than a male employee or male employees who performed the same or similar job, the Court finds that Plaintiff is not entitled to a new trial on the basis that the jury should have reached the remaining issues on the verdict form. The Court also finds that the jury's verdict was not against the great weight of the evidence at trial. Therefore, the Court also denies Plaintiff's motion to the extent that it requests a new trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Judgment as a Matter of Law and Request for a New Trial"[171] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this <u>18th</u> day of July, 2017.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[171] Rec. Doc. 241.